IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD J. BARRETT,

                   Plaintiff,

      v.

RICHARD A. DEVINE, in his
individual and official
capacities; ROBERT J. MILAN,
in his individual capacity;
PETER J. TROY, in his
individual capacity; BERNARD
J. MURRAY, in his individual
capacity; JOHN G. MURPHY, in
his individual capacity; THE
OFFICE OF THE STATE'S ATTORNEY
OF COOK COUNTY, an agency of
the State of Illinois; THE
COUNTY OF COOK, an Illinois
municipal corporation, body
politic and unit of local
government; and THE COOK
COUNTY BOARD OF COMMISSIONERS
in their official capacity,

                 Defendants.

Case No. 08 C 6124

Hon. Harry D. Leinenweber

MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss and Motion for Sanctions. For the reasons given below, the Motion to Dismiss is **granted**, and the Motion for Sanctions is **granted**.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2008, Plaintiff Edward J. Barrett (hereinafter, the "Plaintiff") filed a Complaint against Defendants Richard A. Devine ("Defendant Devine") in his individual and official

capacities, Robert J. Milan ("Defendant Milan"), Peter J. Troy
("Defendant Troy"), Bernard J. Murray  ("Defendant Murray"),
John G. Murphy ("Defendant Murphy"), the Office of the State's
Attorney of Cook County ("Defendant OSA"), the County of Cook
("Defendant County"), and the Cook County Board of Commissioners
("Defendant Board") (collectively, the "Defendants").    The
Complaint alleges a *Shakman* claim, civil rights violations pursuant
to Section 1983, punitive discharge, and a violation of the
Americans with Disabilities Act (the "ADA").

At all times relevant to the Complaint, Plaintiff was employed
as an Assistant State's Attorney at the OSA.  Defendant Devine was
the elected State's Attorney for Cook County.  Defendant Murray
served as Chief of the Criminal Prosecutions Bureau at the OSA, and
Defendants Milan and Troy were appointed employees at the OSA.
Defendant County provides and controls the funding of the OSA, and
Defendant Board is the governing body of Cook County and authorizes
the budget for the OSA.

From 1990 until November 2004, Plaintiff served as a
prosecutor in a felony courtroom of the Fifth District Criminal
Prosecutions Bureau.  In March 2004, Plaintiff stood as a candidate
for election to the office of judge in the 4th Judicial Sub-Circuit
of Cook County.  Plaintiff's supervisor, Defendant Troy, raised
fundraising money for Plaintiff's opponent in the election.
Plaintiff alleges that, beginning in April 2004, in retaliation for

his political association, Defendant Troy issued performance evaluations that contained false and inaccurate statements about Plaintiff. *See* Compl. ¶¶ 14, 16, 48.  In November 2004, Defendant Murray, informed Plaintiff that, as a disciplinary action, he would be transferred to another district and demoted with a corresponding salary reduction. *Id.* at ¶ 17.  Plaintiff alleges that he was transferred and demoted for impermissible political reasons. *See id.* at ¶ 48.

From November 2004 until February 2007, Plaintiff worked as a criminal prosecutor in the Fourth District.  In February 2007, Defendant Murray informed Plaintiff that, due to countywide budget cuts, Plaintiff would be terminated as of March 2, 2007.  Plaintiff alleges that the stated reason for his termination was pretext and that he was fired instead because of his political association, his obesity, and/or his history of alcoholism. *See id.* at ¶¶ 48, 57. Plaintiff also alleges that, around the time of his termination, Defendant OSA impermissibly removed other employees from the termination list after being contacted by the employees' political sponsors. *See id.* at ¶¶ 37-42.

## II.  **MOTION TO DISMISS**

In its Motion to Dismiss, Defendants first argue that all claims against Defendant OSA and Defendant Devine, in his official capacity, are barred by the Eleventh Amendment.  Second, Defendants contend that Plaintiff failed to state a claim for a violation of

the *Shakman* consent decree.   Third, Defendants argue that the Section 1983 claim against individual Defendants fails because the Complaint does not allege sufficient personal involvement and because Defendants are entitled to qualified immunity.   Fourth, Defendants argue that Count III ("punitive discharge") is not a recognized cause of action.   Finally, Defendants argue that the ADA claim is fatally flawed for several reasons:   (1) individual Defendants are not "employers" under the ADA; (2) Plaintiff failed to allege exhaustion of administrative requirements; and (3) Defendant Board is a non-suable entity and must be dismissed.

In response, Plaintiff concedes that the *Shakman* claim (Count I) against individual Defendants and the putative discharge claim (Count III) against all Defendants should be dismissed. Plaintiff also concurs with Defendant that all claims against Defendants Board and Murphy should be dismissed from this case. Consequently, the Court dismisses with prejudice:   (1) all claims against Defendants Board and Murphy; (2) Count I against Defendant Devine in his individual capacity, and against Defendants Milan, Troy, and Murray, and (3) Count III against all Defendants.

## A.   Standard of Review

On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations in the Complaint as true, and views the allegations in the light most favorable to Plaintiffs, drawing all reasonable inferences in Plaintiffs' favor. *Bontkowski v. First*

*Nat. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir., 1993).  "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir., 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).  To avoid dismissal, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007).

## B.  Eleventh Amendment Immunity

Defendants contend that all claims against Defendant OSA and Defendant Devine, in his official capacity, are barred by the Eleventh Amendment.  In response, Plaintiff argues that the Seventh Circuit erred in its ruling on this issue, and Plaintiff urges the Court to allow its claims against these Defendants to proceed.

The Eleventh Amendment bars federal courts from deciding suits seeking monetary damages brought by private litigants against states, state agencies, and state officials acting in their official capacities. *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir., 1994).  This immunity extends to claims brought pursuant to the ADA and Section 1983.  *See, e.g., Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001)(ADA); *Endres v. Indiana State Police*, 349 F.3d 922, 927 (7th Cir., 2003). The Seventh Circuit has held that State's Attorneys are state

officials for purposes of Eleventh Amendment immunity. *Garcia*, 24 F.3d at 969.  The Court rejects Plaintiff's suggestion that it ignore this decision by the Court of Appeals.

Here, the Complaint alleges only claims for monetary damages against Defendant OSA, a state agency, and Defendant Devine, a state official. *See* Compl. ¶¶ 43, 44, 49, 50, 59.  As such, all claims against Defendant OSA and Defendant Devine, in his official capacity, are dismissed with prejudice.

### C.  Count I - The *Shakman* Claim

In Count I, Plaintiff alleges that Defendants' actions violate the consent decree entered in *Shakman v. Democratic Organization of Cook County,* which prohibits certain government employers from basing employment decisions on political considerations.  *See Shakman v. Democratic Organization of Cook County*, 481 F.Supp. 1315 (N.D.Ill., 1979).  As noted above, the parties agree that claims under Count I against individual defendants should be dismissed. Because the Court dismissed all claims against Defendants Board, Murphy, and OSA and against Defendant Devine in his official capacity, *see supra*, Count I remains pending only to Defendant County.

Defendants move to dismiss Plaintiff's *Shakman* claim on the basis that it is not an independent cause of action for damages. The Court agrees.  In *Shakman*, independent candidates, voters, and taxpayers challenged the use of state and local government

patronage power to coerce public employees to perform political work on behalf of incumbents. *Id.* The court found that the challenged patronage practices violated plaintiffs' First and Fourteenth Amendment rights and entered a consent decree enjoining the defendants from "conditioning, basing or knowingly prejudicing or affecting any term or aspect of governmental employment, with respect to one who is at the time already a governmental employee, upon or because of any political reason or factor." *Id.* at 1356-59. Subsequent cases have established that *Shakman* claims are equitable in nature, seek injunctive relief, and confer no right to a jury trial. *See Everett v. Cook County Bd. of Com'rs*, 2008 WL 94791, *4 (N.D.Ill., Jan. 8, 2008); *see generally O'Sullivan v. City of Chicago*, 396 F.3d 843 (7th Cir., 2005).

Here, Plaintiff seeks only monetary damages in Count I. As discussed above, damages are not recoverable for an alleged *Shakman* violation. Hence, the Court dismisses Count I against Defendant County with prejudice.

### D.  Count II - Civil Rights Act Violation

Defendants argue that the Complaint fails to state a Section 1983 claim against individual Defendants because it does not allege sufficient personal involvement and because Defendants are entitled to qualified immunity. Defendants also contend that alleged violations that occurred before October 27, 2006 are barred by the statute of limitations.

### 1.   *Statute of Limitations*

First, the Court agrees that Section 1983 claims for alleged violations that occurred before October 27, 2006 are barred by the two-year statute of limitations in Illinois.  *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir., 2001).  Because all allegations relating to Defendant Troy occur before October 27, 2006, Plaintiff's Section 1983 claim must be dismissed.

### 2.   *Individual Liability under Section 1983*

In order to establish a Section 1983 claim against a supervisory official in his individual capacity, a plaintiff must show that the official was "directly responsible for the improper conduct" and "knowingly, willfully, or at least recklessly caused the alleged deprivation by [the official's] action or failure to act." *McPhaul v. Board of Com'rs of Madison County*, 226 F.3d 558, 566 (7th Cir., 2000).  A plaintiff does not have to show that the official directly participated in the deprivation, but the plaintiff must show that the official acted or failed to act with deliberate or reckless disregard of the plaintiff's constitutional rights, or that the conduct causing the constitutional deprivation occurred at the official's direction or with his knowledge and consent.  *Id.*

In his Complaint, Plaintiff does not allege that Defendants Devine or Milan were personally involved in any of the alleged misconduct.  Consequently, Plaintiff fails to state a claim for

- 8 -

individual liability pursuant to Section 1983 against either Defendant. *See id.*

As to Defendant Murray, Plaintiff alleges that Defendant Murray informed him of his transfer in November 2004 and told him that he was being terminated as a result of countywide budget cuts in February 2007. Plaintiff claims that Defendant Murray's actions were "part and parcel of a political vendetta . . . in retaliation for Plaintiff's political campaign" and that his transfer, demotion, and termination violated his right to freedom of political association. *See* Compl. ¶ 48. The Complaint did not, however, allege that Defendant Murray had any personal knowledge of Plaintiff's political association or activities. For this reason, the Court finds that the Section 1983 claim against Defendant Murray must be dismissed. *See McPhaul*, 226 F.3d at 566.

### 3. *Section 1983 Claims against Defendant County*

Finally, the Court finds that Plaintiff has failed to assert a Section 1983 claim against Defendant County. The only mention of Defendant County in the Complaint refers to its general role in providing and controlling the funding at the OSA and its budgetary decisions for certain fiscal years. *See id.* ¶¶ 8, 22, 26, 33, 34. The Complaint is void of any allegations that Defendant County authorized or participated in any deprivation of Plaintiff's civil rights. Thus, because the Complaint fails to allege sufficient facts to state a plausible claim against Defendant County, the

Section 1983 claim must be dismissed. *See Limestone Development Corp.,* 520 F.3d at 803.

Therefore, the Court finds that Plaintiff has failed to state a Section 1983 claim against Defendants Troy, Devine, Milan, Murray, and County. Because the Court dismissed all claims against Defendants Board, Murphy, and OSA and against Defendant Devine in his official capacity, *see supra*, Count II is dismissed with prejudice as to all Defendants.

### E.   Count IV - Americans with Disabilities Act

Finally, Defendants argue that the claims under the ADA must be dismissed because individual Defendants are not "employers" under the ADA and because Plaintiff failed to allege that he exhausted the administrative requirements to file such a claim. As a preliminary matter, the Court finds that Plaintiff has alleged that he complied with the requisite administrative requirements in order to bring a claim under the ADA. *See* Compl. ¶ 35.

#### 1.   *ADA Claims against Individual Defendants*

Case law is clear that liability under the ADA only applies to "employers" and that a supervisor cannot be held liable in his individual capacity under the ADA. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir., 1999); *U.S.E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir., 1995). The Complaint, therefore, fails to state a claim under the ADA against Defendants Troy, Devine, Milan, and Murray.

- 10 -

### 2. *ADA Claims against Defendant County*

Finally, the Court finds that Complaint fails to state a claim under the ADA against Defendant County. Count IV makes a general claim that "Defendants' transfer and demotion of Plaintiff, and termination of Plaintiff's employment was based . . . on discrimination against Plaintiff's obesity, gastric bypass and successful alcoholism recovery," in violation of the ADA. *See* Compl. ¶ 57. The Complaint fails, however, to allege that Defendant County participated in, authorized, or had knowledge of any of the alleged misconduct. As discussed above, the Complaint only asserts general allegations about Defendant County's role in determining the funding at the OSA and its budgetary decisions for certain fiscal years. *See id.* ¶¶ 8, 22, 26, 33, 34. Plaintiff fails to allege sufficient facts that would allow the Court to connect Defendant County to any alleged violations of the ADA. Thus, because the Complaint fails to state a plausible claim against Defendant County, the ADA claim must be dismissed. *See Limestone Development Corp.,* 520 F.3d at 803.

Consequently, the ADA claim against all individual Defendants and against Defendant County are dismissed with prejudice. Because the Court dismissed all claims against Defendants Board, Murphy, and OSA and against Defendant Devine in his official capacity, *see supra*, Count IV must be dismissed.

### F.  Conclusion

Therefore, the Court dismisses with prejudice all claims against Defendants in this case.

### III.  **MOTION FOR SANCTIONS**

Defendants also move for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  Defendants argue that Plaintiff and his counsel violated Rule 11 by filing a Complaint that is not well grounded in law or fact.  Defendants seek costs and attorneys' fees incurred in defending the Complaint.

In pertinent part, Rule 11 provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3)  the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> > (4)   the denials of factual contentions are
> >       warranted on the evidence or, if
> >       specifically so identified, are
> >       reasonably based on a lack of information
> >       or belief.

FED. R. CIV. P. 11(b).  One of the purposes of Rule 11 "is to deter baseless filings in the district court."  *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir., 1998).  In construing Rule 11, the Seventh Circuit has held that "the ostrich-like tactic of pretending that potentially dispositive authority against a litigant's position does not exist" is "unprofessional" and sanctionable.  *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 939 (7th Cir., 1989).

Defendants contend that Plaintiff should be sanctioned for employing the "ostrich-like tactic" of ignoring plain, dispositive authority and for filing a Complaint that is not well-grounded in law or fact.  Among other arguments, Defendants point to the following failed claims, all of which have been dismissed with prejudice:   (1) claims for monetary damages against a state official and a state agency, (2) the *Shakman* claim seeking monetary damages, (3) the fictional claim of "punitive discharge," and (4) the ADA claim against Defendants in their individual capacities despite clear, contrary appellate authority.   In response, Plaintiff concedes that the punitive discharge claim and the *Shakman* claim against individual defendants were "inappropriate charges" and should be dismissed.  *See* Resp. ¶ 11.  Plaintiff, however, contends that its errors were not the result of

- 13 -

intentional wrongdoing, but were honest mistakes and erroneous legal conclusions. *See id.* at ¶¶ 6, 9, 11.  Plaintiff argues that the remainder of its claims, including those dismissed with prejudice by this Court in light of abundant case law, *see supra,* are substantiated.

Additionally, Defendants note that Plaintiff carelessly and improperly included two defendants in this suit.  First, Plaintiff identified John G. Murphy in the caption of the Complaint but failed to mention Defendant Murphy in any subsequent paragraph of the Complaint.  Plaintiff's counsel admits that the inclusion of Defendant Murphy was a "careless" "clerical error."  *See id.* at ¶ 10.   Second, Plaintiff named the Cook County Board of Commissioners as a Defendant despite clear legal authority that the Board's powers are coextensive with the County, and that "[t]he Board is not a separate entity which can be sued."  *See Richardson v. County of Cook*, 621 N.E.2d 114, 116-17 (Ill.App.Ct., 1993). Plaintiff's counsel concedes that the inclusion of the Board was the result of an "admittedly erroneous legal conclusion."  *See* Resp. ¶ 8.

The Court finds that Plaintiff's Complaint is frivolous and consists of baseless allegations, which were made without reasonable factual or legal inquiry.  Competent inquiry would have revealed clear and unambiguous case law showing that several of the legal claims are unsupportable.  Furthermore, the Complaint

improperly alleges claims against multiple defendants, including Defendants Board and Murphy, both of whom never should have been named in this suit, as well as Defendant OSA and Defendant Devine in his official capacity, both of whom are immune from suits for damages.  The Court, therefore, finds that Plaintiff's Complaint is sanctionable under Rule 11.

For the foregoing reasons, Defendants' Motion for Sanctions, brought pursuant to Rule 11, is granted.

## IV.  <u>CONCLUSION</u>

For the reasons stated herein, all claims against Defendants are dismissed with prejudice, and the Motion to Dismiss is **granted.** Furthermore, Defendants' Motion for Sanctions is **granted.** Defendants are ordered to submit itemized fee petitions by April 1, 2009.  Plaintiff's response to said petitions is due April 15, and any reply must be filed by April 22.

**IT IS SO ORDERED.**

_____
    Harry D. Leinenweber, Judge
    United States District Court

**DATE:** 3/12/2009

- 15 -