**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **EDWARD J. BARRETT,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**RICHARD A. DEVINE**, in his individual and official capacities; **ROBERT J. MILAN**, in his individual capacity; **PETER J. TROY**, in his individual capacity; **BERNARD J. MURRAY**, in his individual capacity; **JOHN G. MURPHY**, in his individual capacity; **THE OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY,** an agency of the State of Illinois; **THE COUNTY OF COOK,** an Illinois municipal corporation, body politic and unit of local government; and **THE COOK COUNTY BOARD OF COMMISSIONERS** in their official capacity,<br><br>    **Defendants.** | **Case No. 08 C 6124**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Now before the Court are a Motion to Reconsider Sanctions and a Motion to Amend the Complaint filed by Plaintiff Edward J. Barrett (hereinafter, the "Plaintiff"). After these motions were filed, Defendant Office of the State's Attorney (hereinafter, the "Defendant OSA") filed a Motion to Withdraw Request for Dismissal of Count IV (the Americans with Disabilities Act claim against Defendant OSA). For the reasons given below, Plaintiff's Motion to

Reconsider Sanctions is **granted**, and Plaintiff's Motion to Amend the Complaint is **denied without prejudice**. Defendant OSA's Motion to Withdraw Request for Dismissal of Count IV is **granted**; thus, Count IV is reinstated against Defendant OSA.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2008, Plaintiff filed a Complaint against Defendants OSA, Richard A. Devine in his individual and official capacities, Robert J. Milan, Peter J. Troy, Bernard J. Murray, John G. Murphy, the County of Cook, and the Cook County Board of Commissioners (collectively, the "Defendants"). The Complaint included a *Shakman* claim, Section 1983 claims, a claim for "punitive discharge," and a claim under the Americans with Disabilities Act (the "ADA").

The facts alleged in Plaintiff's Complaint are set forth in detail in the Court's March 12, 2009 Memorandum Opinion and Order. *See Barrett v. Devine, et al.*, No. 08 C 6124, 2009 WL 635626 (N.D.Ill., Mar. 12, 2009). In this Order, the Court granted Defendants' motion to dismiss all claims in the Complaint with prejudice. *Id.* First, because Plaintiff conceded that his *Shakman* claim against individual defendants and his "punitive discharge" claim were meritless and that his claims against Defendants Board and Murphy also should be dismissed, the Court summarily dismissed these claims. *See id.* at *2. As to Plaintiff's other claims, the Court: (1) dismissed all claims against Defendant OSA and

Defendant Devine, in his official capacity, because the Complaint alleged only claims for monetary damages; (2) dismissed the *Shakman* claim (Count I) against Defendant County because money damages are not recoverable for a *Shakman* violation; (3) dismissed the Section 1983 claim (Count II): as to Defendant Troy pursuant to the relevant statute of limitations, as to remaining individual Defendants for failure to allege personal knowledge, and as to Defendant County for failure to state a plausible claim; (4) dismissed the ADA claim (Count IV) as to individual Defendants and Defendant County for failure to state a claim. *Id.* at *3-5. Finally, after determining that the Complaint was filed without proper factual or legal inquiry, contained frivolous legal claims, and improperly alleged claims against multiple defendants, the Court granted Defendants' motion for sanctions under Federal Rule of Civil Procedure 11. *See id.* at *6-7.

Plaintiff now requests that the Court reconsider its order of Rule 11 sanctions and allow him to file an amended complaint.

## II. **DISCUSSION**

### A. Motion to Reconsider Sanctions

The Court has inherent power to modify or rescind interlocutory orders prior to final judgment. *See Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir., 1985), citing *Diaz v. Indian Head, Inc.*, 686 F.2d 558, 562 (7th Cir., 1982). Reconsideration of an interlocutory order is committed to the Court's sound

discretion. *See Cima v. Wellpoint Health Networks, Inc.*, No. 05-4127, 2008 WL 4831676, at *1 (S.D.Ill., Oct. 30, 2008). However, "motions for reconsideration generally are not encouraged [because] a district court's rulings are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (internal citations omitted). Nonetheless, reconsideration will be granted where the court has misunderstood a party, the court has made a decision outside the adversarial issues presented to the court by the parties, the court has made an error of apprehension (not of reasoning), a significant change in the law has occurred, or significant new facts have been discovered. *Id.*

In his Motion, Plaintiff argues that sanctions are unwarranted in this case because the Complaint was not presented for any improper purpose, such as to harass or delay. According to Plaintiff, some of his claims were viable, and others should be allowed as reasonable, policy-making efforts. For example, Plaintiff argues that the Illinois Supreme Court's view that state's attorneys are immune from suit as state officials is a "legal fallacy," though admittedly a "long-held" view. *See* Pl.'s Mot. to Reconsid. at 3-4 (citing *Mackey v. Stanton*, 586 F.2d 1126 (1978) (discussing a federal court's right to determine whether an entity is a state agency or local government for Eleventh Amendment purposes)). Plaintiff also attempts to shape policy with his *Shakman* claim, though he cites no authority and makes no specific

arguments that money damages should be recoverable under *Shakman*. *See* Pl.'s Mot. to Reconsid. at 2-3.

Plaintiff notes that he promptly withdrew certain claims after Defendants' motion to dismiss, and he argues that these claims were made not a result of intentional wrongdoing but rather resulted from honest, though now admittedly erroneous legal conclusions and clerical errors. Plaintiff also argues that Defendants made improper arguments in their motion to dismiss and motion for sanctions. Finally, in support of his Motion, Plaintiff alerted the Court to another memorandum opinion and order in a similar case in this District, in which the judge dismissed some of the plaintiff's claims, allowed him to amend his complaint, and declined to award sanctions. *See Opp v. Devine,* 08 C 6220, 2009 WL 1011201 (N.D.Ill., Apr. 15, 2009) (Judge E. Bucklo).

After reviewing the parties' filings, the Court has determined to amend its March 2009 Order and thereby strike its award of Rule 11 sanctions. Although Plaintiff's Complaint contained legal claims that had to be dismissed summarily (*i.e.*, the "punitive discharge" claim) and asserted claims against parties that should never have been sued (*i.e.,* Defendant Board, a non-suable entity), at this time, the Court is satisfied that Plaintiff did not bring this suit in bad faith or for any other improper purpose, such as to harass Defendants. Plaintiff has convinced the Court that his legal contentions were motivated by non-frivolous arguments for the

extension or modification of existing law and that his factual contentions may have evidentiary support. *See* Fed. R. Civ. P. 11(b). The Court further notes that Plaintiff conceded that a few of his claims were untenable and joined in Defendants' motion to dismiss as to some claims and some defendants. While the Court does not applaud the filing of claims without a legal or factual basis, the Court finds that Plaintiff's claims were not altogether "baseless." *See Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir., 1998). Therefore, the motion to reconsider sanctions is **granted**.

### B. Motion to Amend the Complaint

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading after a responsive pleading has been served with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.; see also Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir., 1993). Although the rule reflects a liberal attitude toward the amendment of pleadings, courts have the discretion to deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile. *Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849-50 (7th Cir., 2002) (*citing Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

On April 1, 2009, Plaintiff filed a Motion for Leave to Amend the Complaint. Plaintiff did not attach a draft Amended Complaint to his motion. However, he described the claims he hopes to bring against Defendants and the basis for such claims. *See* Pl.'s Mot. for Leave to Amend the Compl., at 2-3. Based on the description of his proposed changes, Plaintiff seeks to amend his complaint by adding a fraud/conspiracy claim, by recaptioning his "punitive discharge" claim as a claim for retaliatory discharge, and by adding an age discrimination claim.

At this time, the Court denies Plaintiff's motion to amend his complaint because Plaintiff has not tendered a copy of the proposed Amended Complaint so that the Court and opposing parties can determine whether the proposed claims are futile or previously rejected. Plaintiff, however, is granted leave to file his proposed Amended Complaint so that the Court and parties can conduct this review. The Court cautions Plaintiff to bring his claims in a manner that is consistent with the Court's March 2009 opinion.

### C. Defendant's Motion to Withdraw the Motion to Dismiss Count IV

On April 29, 2008, Defendant OSA filed a motion to withdraw its motion to dismiss Count IV of Plaintiff's original Complaint, the Americans with Disabilities Act claim, as it relates to Defendant OSA. Defendant OSA explains that, since the Court's March 2009 ruling, it became aware that the State of Illinois has

- 7 -

waived its right to sovereign immunity with respect to the ADA. *See McGrath v. Gillis*, 44 F.3d 567, 571-72 (7th Cir., 1995) (recognizing Assistant State's Attorneys as State employees); 745 ILCS 5/1.5(d)(2009)(waiving the State's Eleventh Amendment immunity to ADA claims of former State employees). After reviewing the case law and statute at issue, the Court grants Defendant OSA's motion to withdraw its request for dismissal of the ADA claim against it. Count IV of Plaintiff's Complaint, therefore, is reinstated against Defendant OSA.

### III. CONCLUSION

For the reasons stated herein, the Court has determined that sanctions are not appropriate in this case, and Plaintiff's Motion for Reconsideration is **granted**. Plaintiff's Motion to Amend is **denied without prejudice**. Defendant OSA's Motion to Withdraw Request for Dismissal of Count IV is **granted**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 5/6/2009